Rebecca J. Hozubin, Esq.
HOZUBIN, MOBERLY & ASSOCIATES
711 M Street, Suite 2
Anchorage, AK 99501
907-276-5297 – Telephone
907-276-5291 – Fax
Email: rebecca@akdefenselaw.com
Alaska Bar No. 9806016

*Attorneys for Plaintiff Great Divide Insurance Company*

IN THE UNITED STATES DISTRICT COURT

FOR THE STATE OF ALASKA

| | |
|---|---|
| GREAT DIVIDE INSURANCE CO., <br><br> Plaintiff, <br> v. <br><br> MICHAEL J. VANSTROM, individually and dba ALASKA ELITE OUTFITTERS, and COLETTE COHEN-BARCE, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 3:22-cv-00218-HRH |

## COMPLAINT FOR DECLARATORY JUDGMENT ACTION

Great Divide Insurance Company, by and through its counsel of record, Hozubin, Moberly & Associates, pursuant to 28 U.S.C. §§ 2201 & 2202 and 28 U.S.C. § 1332, hereby asserts its *Complaint for Declaratory Judgment Action* as follows:

### Parties

1. Plaintiff, Great Divide Insurance Company ("Great Divide"), is a corporation organized and existing under the laws of the State of North Dakota with its principal place

Complaint for Declaratory Judgment Action
*Great Divide Insurance Co. v. Michael J. Vanstrom et al.*
3:22-cv-00218-HRH
Page 1

Case 3:22-cv-00218-SLG    Document 1    Filed 10/12/22    Page 1 of 12

of business in the State of Iowa. Great Divide issued a policy of insurance naming Michael Vanstrom dba Alaska Elite Outfitters ("Vanstrom") as the named insured.

2. Great Divide is authorized to transact business in the State of Alaska, has paid all required taxes and fees, has filed all required reports, and has satisfied all other conditions precedent to bringing and maintaining this action.

3. Upon information and belief, Defendant, Michael J. Vanstrom, is a resident of the State of Alaska.

4. Upon information and belief, Defendant, Michael J. Vanstrom, is the sole proprietor of Alaska Elite Outfitters, an Alaskan business.

5. Upon information and belief, Defendant, Michael J. Vanstrom, is the sole owner of Alaska Elite Outfitters. Alaska Elite Outfitters' address at the applicable times was 45 School Road, Ekwok, Alaska, 99580.

6. Upon information and belief, Defendant, Colette Cohen-Barce (hereinafter "Cohen-Barce"), is a resident of the State of Alaska.

7. This is an action for declaratory relief under 28 U.S.C. §2201 and for such additional and further relief as may be required to enforce a declaratory judgment in accordance with 28 U.S.C. § 2202.

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states with Great Divide being considered a resident of the State of North Dakota and all the defendants being considered residents of Alaska.

Complaint for Declaratory Judgment Action
*Great Divide Insurance Co. v. Michael J. Vanstrom et al.*
3:22-cv-00218-HRH
Page 2

Case 3:22-cv-00218-SLG     Document 1     Filed 10/12/22     Page 2 of 12

9. In accordance with 28 U.S.C. § 1391(b)(1) and (2), venue in this district is appropriate as the events occurred in this district, the insured is a resident of this district, and the litigation, which gives rise to this declaratory judgment action, was filed by Ms. Cohen-Barce in this district.[1]

10. Great Divide issued a Commercial General Liability policy of insurance, Policy No. GC985162, for the policy period of 04/24/2019 to 10/24/2019 ("the Policy"), to the named insureds with policy limits of $1,000,000 per occurrence and a $1,000,000 general aggregate.[2]

11. At all times relevant to this Complaint, Cohen-Barce was an employee of Vanstrom.

12. On or about August 19, 2021, Cohen-Barce filed a Complaint against Vanstrom in Anchorage, Alaska, in state court.

13. Cohen-Barce alleges Vanstrom employed various individuals to work on property at a hunting camp run by Vanstrom on the Mulchatna River on September 1, 2019.

14. Cohen-Barce alleges Vanstrom provided plaintiff with heating materials, including propane bottles. The propane bottles were allegedly refilled by either Vanstrom, his employees, or at his direction, or under his supervision.

15. Cohen-Barce alleges she was at the hunting camp and residing in a residence at the camp provided by Vanstrom.

---

[1] *See* Exhibit 1, *Complaint* in *Cohen-Barce v. Michael J. Vanstrom, individually and dba Alaska Elite Outfitters*, 3AN-21-07260CI.
[2] *See* Exhibit 2.

Complaint for Declaratory Judgment Action
*Great Divide Insurance Co. v. Michael J. Vanstrom et al.*
3:22-cv-00218-HRH
Page 3
Case 3:22-cv-00218-SLG    Document 1    Filed 10/12/22    Page 3 of 12

16. When Cohen-Barce attempted to use the propane, it allegedly exploded causing her injuries and damages.

17. Cohen-Barce seeks to recover from Vanstrom, under a theory of negligence in failing to supervise, monitor, and safeguard her in the use of the propane bottle, in failing to provide proper heating equipment, for the failure of co-workers to properly fill the propane bottle, in refilling the propane bottle in violation of the manufacturer's direction, in providing unsafe propane bottles, in not monitoring her use of the heating equipment, and in providing unsafe conditions in the sleeping area she was residing in.

18 Cohen-Barce further alleges that Vanstrom was negligent *per se* in his acts and omissions, as well as those of his employees, in violation of the law/regulations of the State of Alaska, resulting in Cohen-Barce allegedly suffering injuries to her body, hands, arms, and PTSD. Cohen-Barce further seeks to recover punitive damages from all defendants.

19. Vanstrom tendered defense of the underlying Complaint to Great Divide, which agreed to pay the reasonable costs of the defense of the underlying Complaint subject to a full reservation of rights to disclaim any duty to defend or indemnify Vanstrom.[3]

20. The liability insurance provided by Great Divide Commercial General Liability Coverage, Policy No. GC985162, is limited by the terms of the policies' grants and exclusions of coverage.

---

[3] Exhibit 2.

Complaint for Declaratory Judgment Action
*Great Divide Insurance Co. v. Michael J. Vanstrom et al.*
3:22-cv-00218-HRH
Page 4
Case 3:22-cv-00218-SLG     Document 1     Filed 10/12/22     Page 4 of 12

21. The first Insuring Agreement found in Form CG 00 01, "Commercial General Liability Coverage Form," under "Coverage A. Bodily Injury and Property Damage Liability," reads in part:

> **SECTION I – COVERAGES**
> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
> **1. Insuring Agreement**
>   **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
>
>   **(1)** The amount we will pay for damages is limited as described in Section **III** -Limits Of Insurance; and
>
>   **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.
>
>   No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B.**
>
>   **b.** This insurance applies to "bodily injury" and "property damage" only if:
>
>   **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
>
>   **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

Complaint for Declaratory Judgment Action
*Great Divide Insurance Co. v. Michael J. Vanstrom et al.*
3:22-cv-00218-HRH
Page 5

Case 3:22-cv-00218-SLG   Document 1   Filed 10/12/22   Page 5 of 12

**(3)** Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

**c.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1**. of Section **II** –Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

**d.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of Section **II** –Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

**(1)** Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

**(2)** Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

**(3)** Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

Complaint for Declaratory Judgment Action
*Great Divide Insurance Co. v. Michael J. Vanstrom et al.*
3:22-cv-00218-HRH
Page 6

Case 3:22-cv-00218-SLG     Document 1     Filed 10/12/22     Page 6 of 12

  **e.** Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

Form CG 00 01 (04 13).

22. Coverage A also contains exclusions, including the following:

**2.** **Exclusions**
This insurance does not apply to:

 **d.** **Workers' Compensation And Similar Laws**
  Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

 **e.** **Employer's Liability**
  "Bodily injury" to:
  **(1)** An "employee" of the insured arising out of and in the course of:
   **(a)** Employment by the insured; or
   **(b)** Performing duties related to the conduct of the insured's business; or
  **(2)** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **(1)** above.

  This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

  This exclusion does not apply to liability assumed by the insured under an "insured contract".

Form CG 00 01 (04 13).

23. The definitions, which pertain to Coverage A, found in Section V - Definitions, provide in part:

**SECTION V – DEFINITIONS**

Complaint for Declaratory Judgment Action
*Great Divide Insurance Co. v. Michael J. Vanstrom et al.*
3:22-cv-00218-HRH
Page 7
Case 3:22-cv-00218-SLG Document 1 Filed 10/12/22 Page 7 of 12

> …
> **3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.
> …
> **5.** "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".
> …
> **13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
> …
> **19**. "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

Form CG 00 01 (04 13) at 13-16

24. The Coverage A insuring agreement affords coverage in pertinent part for sums the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" that occurs during the policy period, caused by an "occurrence," and was not known to the insured prior to the policy period.

25. The Coverage A insuring agreement is subject to all other provisions, conditions, and exclusions of the policy.

26. Coverage is excluded under the policy for Workers' Compensation claims.

27. Coverage is excluded under the policy for bodily injury to an employee of the insured that arises out of the employment of that insured.

28. Cohen-Barce asserted a Workers' Compensation claim against Vanstrom and the Alaska Workers' Compensation Benefits Guaranty Fund, AWCB Case No. 201916026.[4]

---

[4] Exhibit 3.

Complaint for Declaratory Judgment Action
*Great Divide Insurance Co. v. Michael J. Vanstrom et al.*
3:22-cv-00218-HRH
Page 8
Case 3:22-cv-00218-SLG    Document 1    Filed 10/12/22    Page 8 of 12

29. Cohen-Barce's Workers' Compensation claims were heard on December 9, 2020.[5]

30. Cohen-Barce contended that her burn injuries incurred on September 1, 2019, arose out of and in the course and scope of her employment with Vanstrom.[6]

31. It was uncontested in the Workers' Compensation proceeding that the burn injuries arose out of and in the course and scope of Cohen-Barce's employment with Vanstrom.[7]

32. It was uncontested in the Workers' Compensation proceeding that Cohen-Barce's injuries were compensable pursuant to Worker's Compensation laws.[8]

33. Vanstrom admitted that Cohen-Barce was an employee of his at the time of the injury.[9]

34. Vanstrom is bound by this admission.

35. In *Cohen-Barce v. Vanstrom,* AWCB Case No. 201916026, AWCB Decision No. 21-0010 (February 8, 2021), the Workers' Compensation Board found that Cohen-Barce proved "by a preponderance of the evidence her work injury arose out of and in the course of her employment."[10]

36. Vanstrom and Cohen-Barce are bound by this finding.

---

[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.* at 27.

Complaint for Declaratory Judgment Action
*Great Divide Insurance Co. v. Michael J. Vanstrom et al.*
3:22-cv-00218-HRH
Page 9

Case 3:22-cv-00218-SLG   Document 1   Filed 10/12/22   Page 9 of 12

37. The Workers' Compensation Board also found that "[u]nder the remote site doctrine, [Vanstrom] is responsible for injuries to [Cohen-Barce]."[11]

38. Vanstrom and Cohen-Barce are bound by this finding.

39. The Workers' Compensation Board found

> Since by his own admission both at hearing and in his December 20, 2019 settlement agreement with the Division of Worker's Compensation in AWCB case number 700007594, [Vanstrom] was uninsured for workers' compensation liability at the time of [Cohen-Barce's] injury, he is directly responsible for payment for all costs associated with [Cohen-Barce's] injury payable under the Alaska Workers' Compensation Act.[12]

40. Vanstrom and Cohen-Barce are bound by this finding.

41. The policy does not provide coverage for Vanstrom's obligations to Cohen-Barce Workers' Compensation claims.

42. The policy does not provide coverage for Cohen-Barce's "bodily injury" arising out of the course and scope of her employment.

43. Finally, the policy provides the following exclusion:

> **EXCLUSION – PUNITIVE OR EXEMPLARY DAMAGES**
>
> This endorsement modifies insurance provided under the following:
>
> COMMERCIAL GENERAL LIABILITY COVERAGE PART
> LIQUOR LIABILITY COVERAGE PART
> OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART
> PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
>
> The following exclusion is **added** to **2. Exclusions** of **Section I**:

---

[11] *Id.*
[12] *Id. citing* AS 23.30.020 and AS 23.30.075(a).

Complaint for Declaratory Judgment Action
*Great Divide Insurance Co. v. Michael J. Vanstrom et al.*
3:22-cv-00218-HRH
Page 10

Case 3:22-cv-00218-SLG   Document 1   Filed 10/12/22   Page 10 of 12

> This insurance does not apply to punitive or exemplary damages.
> All other terms and conditions of this policy remain unchanged.

Endorsement L217 (06/07).

44. The policy does not provide coverage for punitive damages.

45. Great Divide is entitled to a declaration that the damage claims asserted against Vanstrom in the underlying Complaint are not covered under Great Divide policy number GC985162 for the policy period of 04/24/2019 to 10/24/2019.

46. Great Divide is entitled to a declaration that Great Divide has no duty to defend the insured for the allegations asserted in the underlying Complaint under the terms of Great Divide policy number GC985162 for the policy period of 04/24/2019 to 10/24/2019.

47. Great Divide is entitled to a declaration that it has no duty to indemnify the insured for the allegations asserted in the underlying Complaint under the terms of Great Divide's policy number GC985162 for the policy period of 04/24/2019 to 10/24/2019.

WHEREFORE, Great Divide respectfully prays for relief as follows:

1. For a judgment declaring that the damages claimed in the underlying Complaint are not covered under Great Divide policy number GC985162 for the policy period of 04/24/2019 to 10/24/2019.

2. For a judgment declaring that Great Divide has no duty to indemnify the insured for any judgment or damages adjudged against the insured in connection with the underlying Complaint.

Complaint for Declaratory Judgment Action
*Great Divide Insurance Co. v. Michael J. Vanstrom et al.*
3:22-cv-00218-HRH
Page 11

Case 3:22-cv-00218-SLG     Document 1     Filed 10/12/22     Page 11 of 12

3. For a judgment declaring that Great Divide has no duty to defend the insured against the claims made in connection with the underlying Complaint.

4. For such other relief as the Court deems just and proper.

DATED this 12th day of October, 2022.

        HOZUBIN, MOBERLY & ASSOCIATES
        *Attorneys for Great Divide Insurance Company*

        By:   /Rebecca J. Hozubin/
                Rebecca J. Hozubin
                711 M Street, Suite 2
                Anchorage, AK 99501
                907-276-5297 – Telephone
                907-276-5291 - Facsimile
                Alaska Bar No. 9806016
                Email: rebecca@akdefenselaw.com

Complaint for Declaratory Judgment Action
*Great Divide Insurance Co. v. Michael J. Vanstrom et al.*
3:22-cv-00218-HRH
Page 12

Case 3:22-cv-00218-SLG   Document 1   Filed 10/12/22   Page 12 of 12