IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

GREAT DIVIDE INSURANCE CO., )
)
                          Plaintiff, )
)
vs. )
)
MICHAEL J. VANSTROM, Individually and )
d/b/a ALASKA ELITE OUTFITTERS, and )
COLETTE COHEN-BARCE, )
) No. 3:22-cv-0218-HRH
                         Defendants. )
_____)

O R D E R

Motion to Dismiss

Defendant Colette Cohen-Barce moves to dismiss plaintiff's complaint against her.[1] This motion is opposed by plaintiff Great Divide Insurance Co.[2] Oral argument has not been requested and is not deemed necessary.

Background

In this declaratory judgment action, plaintiff alleges that it "issued a Commercial General Liability policy of insurance, Policy No. GC985162, for the policy period of

---

[1] Docket No. 23.

[2] Docket No. 28.

04/24/2019 to 10/24/2019" to defendant Michael Vanstrom, d/b/a Alaska Elite Outfitters.[3] Plaintiff alleges that on September 1, 2019, Cohen-Barce was an employee of Vanstrom's at a hunting camp he ran and that she was injured at the camp while attempting to use a propane bottle.[4] Plaintiff alleges that "Vanstrom [has] admitted that Cohen-Barce was an employee of his at the time of the injury."[5] Vanstrom, however, has denied that Cohen-Barce was his employee, and he has denied that he has admitted as much.[6]

Plaintiff alleges that "Cohen-Barce asserted a Workers' Compensation claim against Vanstrom and the Alaska Workers' Compensation Benefits Guaranty Fund[.]"[7] The Workers' Compensation Board concluded that Cohen-Barce's "injuries arose out of and in the course of her employment with" Vanstrom d/b/a Alaska Elite Outfitters.[8] The Board further found that because Vanstrom "was uninsured for workers' compensation liability at the time of [Cohen-Barce's] injury, he is directly responsible for payment for all costs associated with [her] injury payable under the Alaska Workers' Compensation Act...."[9]

---

[3]Complaint [etc.] at 3, ¶ 10 and Exhibit 2 at 2 thereto, Docket No. 1.

[4]Id. at 3-4, ¶¶ 12-13, 15, 16.

[5]Id. at 9, ¶ 33.

[6]Answer [etc.] at 3, ¶ 11; 7, ¶ 33, Docket No. 12.

[7]Complaint [etc.] at 8, ¶ 28, Docket No. 1.

[8]Exhibit 3 at 29, Complaint [etc.], Docket No. 1.

[9]Id. at 23.

Plaintiff alleges that on August 19, 2021, Cohen-Barce filed a complaint in Alaska state court in which she has alleged negligence claims against Vanstrom ("the underlying Complaint").[10] In the underlying Complaint, Cohen-Barce does not allege that she was an employee of Vanstrom's. Cohen-Barce seeks compensatory and punitive damages against Vanstrom.[11] Plaintiff alleges that "Vanstrom tendered defense of the underlying Complaint" and that plaintiff "agreed to pay the reasonable costs of the defense of" that complaint "subject to a full reservation of rights to disclaim any duty to defend or indemnify Vanstrom."[12]

On October 12, 2022, plaintiff commenced this declaratory judgment action. In its complaint, plaintiff alleges that Cohen-Barce asserted Workers' Compensation claims and that there is no coverage under Vanstrom's policy for Workers' Compensation claims.[13] Plaintiff also alleges that "Vanstrom admitted that Cohen-Barce was an employee of his at the time of the injury" and that there is no coverage "under the policy for bodily injury to an employee of the insured that arises out of the employment of that insured."[14] In its prayer for relief, plaintiff seeks 1) a declaration that "the damages claimed in the underlying Complaint are not covered under" the policy it issued to Vanstrom, 2) a declaration "that Great Divide

---

[10]Complaint [etc.] at 3-4, ¶¶ 12, 17 and Exhibit 1 thereto, Docket No. 1.

[11]Complaint at 5, ¶¶ 1-2, Exhibit 1, Complaint [etc.], Docket No. 1.

[12]Complaint [etc.] at 4, ¶ 19, Docket No. 1.

[13]Id. at 8, ¶¶ 26, 28.

[14]Id. at 8, ¶ 27; 9, ¶ 33.

has no duty to indemnify [Vanstrom] for any judgment or damages adjudged against [him] in connection with the underlying Complaint[,]" and 3) a declaration "that Great Divide has no duty to defend [Vanstrom] against the claims made in connection with the underlying Complaint."[15]

Pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, defendant Cohen-Barce now moves for dismissal of plaintiff's complaint against her.

Discussion

"To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege 'enough facts to state a claim to relief that is plausible on its face.'" Benavidez v. Cnty. of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A plausible claim includes 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting United States v. Corinthian Colls., 655 F.3d 984, 991 (9th Cir. 2011)). "A complaint 'that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.'" Id. at 1145 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "In assessing dismissal of claims pursuant to Rule 12(b)(6) ..., the court must 'accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party.'" Id. at 1144 (quoting Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir. 2008)).

---

[15]Id. at 11-12, ¶¶ 1-3.

-4-

Plaintiff's complaint against Cohen-Barce must be dismissed because plaintiff has not asserted any claims against her and has not sought any relief from her. It is not so much that plaintiff has failed to state plausible claims against Cohen-Barce; it is that plaintiff has failed to state any claims against her. The controversy in this declaratory judgment action is between plaintiff and its insured, Vanstrom, and the fact that Cohen-Barce has filed suit against Vanstrom in state court does not make her a proper defendant in this case.

Plaintiff's arguments to the contrary are unavailing. Plaintiff contends that implicit in its request for a declaration that "the damages claimed in the underlying Complaint are not covered under" Vanstrom's policy[16] is a request for a declaration that Cohen-Barce was Vanstrom's employee when she was injured and that her injuries were work-related. As set out above, Cohen-Barce appears to have taken the position that she was an employee of Vanstrom's when she filed Workers' Compensation claims but in underlying Complaint she does not allege that she was Vanstrom's employee. Similarly, Vanstrom appears to have admitted that Cohen-Barce was his employee during the Workers' Compensation proceedings but, in his answer in this case, he has denied that she was his employee at the time of her injury. Given these conflicting contentions as to Cohen-Barce's employment status, plaintiff argues that it was appropriate to have included her as a defendant in this declaratory judgment action involving the scope of coverage under Vanstrom's policy.

---

[16]Complaint [etc.] at 11, ¶ 1, Docket No. 1.

Plaintiff insists that there is an actual controversy between it and Cohen-Barce because of the uncertainty surrounding her employment status.

But, in this declaratory judgment action, the controversy regarding Cohen-Barce's employment status is between plaintiff, the insurer, and Vanstrom, the insured. Cohen-Barce is not a party to the insurance contract and she has not asserted any claims against plaintiff in the underlying Complaint nor could she get any relief against plaintiff in her state court negligence action. While Cohen-Barce's employment status may well have an impact on whether plaintiff is entitled to the declaratory relief it seeks against Vanstrom, Cohen-Barce does not have to be a defendant in this case in order for the court to make a determination regarding her employment status at the time of her injuries.[17]

## Conclusion

Cohen-Barce's motion to dismiss is granted. Plaintiff's complaint against her is dismissed without leave to amend.

DATED at Anchorage, Alaska, this 15th day of May, 2023.

/s/ H. Russel Holland
United States District Judge

---

[17]In her reply brief, Cohen-Barce suggests that her employment status is not a matter that has been raised in this case but rather is a matter that should be decided in her state court case. Not so. The issue of Cohen-Barce's employment status has been raised in this case because plaintiff has alleged that there is no coverage under the Vanstrom's policy because Cohen-Barce was an employee at the time of her injury. Moreover, her employment status does not appear to be at issue in her state court case because whether Cohen-Barce was an employee at the time of her injury appears to be irrelevant to the question of whether Vanstrom was negligent.