IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

GREAT DIVIDE INSURANCE CO.,
                Plaintiff,
  vs.
MICHAEL J. VANSTROM, Individually
and d/b/a ALASKA ELITE OUTFITTERS,
                Defendants.

No. 3:22-cv-0218-HRH

O R D E R

Motion to Strike Demand for Jury Trial[1]

Defendant Michael J. Vanstrom, individually and d/b/a Alaska Elite Outfitters, demanded a jury trial. Plaintiff Great Divide Insurance Company moves to strike Vanstrom's demand for a jury trial. Vanstrom has responded[2] and Great Divide has replied.[3] Oral argument is not deemed necessary.

Background

Great Divide issued a commercial general liability policy of insurance to Vanstrom, d/b/a Alaska Elite Outfitters.[4] Former defendant Colette Cohen-Barce[5] commenced an

---

[1]Docket Nos. 36 and 37.

[2]Docket No. 40.

[3]Docket No. 44.

[4]Docket No. 1 at 3.

[5]Defendant Colette Cohen-Barce was dismissed as a defendant by order of May 15, 2023.

ORDER – Motion to Strike Demand for Jury Trial      - 1 -

Alaska Workers Compensation claim.[6] The Alaska Workers Compensation Board determined that Cohen-Barce was entitled to a workers' compensation award because she was Vanstrom's employee and was injured in the course of her employment. But Vanstrom held no workers' compensation insurance and failed to pay the worker's compensation award due Cohen-Barce. Cohen-Barce then commenced a civil negligence suit in state court against Vanstrom for compensatory and punitive damages.

Vanstrom tendered the defense of Cohen-Barce's state court complaint to Great Divide. Great Divide accepted the tender, reserving rights to decline any duty to defend or indemnify Vanstrom. Great Divide then filed this case for declaratory relief. Vanstrom answered, asserting affirmative defenses of waiver, estoppel, and/or laches, and demanded a jury trial.[7] Great Divide now moves to strike Vanstrom's demand for a jury trial.

## Discussion

The Seventh Amendment to the United States Constitution guarantees the right to a jury trial "[i]n suits at common law, where the value in controversy shall exceed twenty dollars."[8] The right of jury trial in civil cases is "[a] right so fundamental and sacred to the citizen, whether guaranteed by the Constitution or provided by statute, [it] should be jealously guarded by the courts." Jacob v. City of New York, 315 U.S. 752, 752-53, 6 S. Ct 854, 854, 86 L. Ed. 1 166 (1942).

It is not surprising that the Seventh Amendment has found its way into the Federal Rules of Civil Procedure. Rule 38(a) preserves the right to a jury trial as "inviolate." Rule 38(b) provides that "[o]n any issue triable of right by a jury, a party may demand a

---

[6]See Docket No. 36-1 at 1.

[7]Docket No. 12 at 1 and 9.

[8]U.S. Const., amend. VII.

ORDER – Motion to Strike Demand for Jury Trial - 2 -

jury trial by: (1) serving the other parties with a written demand – which may be included in a pleading – no later than 14 days after the last pleading directed to the issue is served; and (2) filing the demand in accordance with Rule 5(d)."

In their answer to plaintiff's complaint, defendants Vanstrom and Alaska Elite Outfitters timely served and filed a general demand for jury trial.[9] That filing was legally sufficient to guarantee defendants a jury trial on any common law issues raised by this case.

Plaintiff's complaint is one for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.[10] The Federal Rules of Civil Procedure "govern the procedure for obtaining a declaratory judgment under 28 U.S.C. § 2201." Fed. R. Civ. P. 57. Moreover, Rule 57 expressly provides: "Rules 38 and 39 govern a demand for a jury trial" in actions for declaratory relief. Rule 39(a), Federal Rules of Civil Procedure, requires that when a jury demand has been made, "the action must be designated on the docket as a jury action." In this case, the court's docket (at page 1) notes that a jury demand was made by defendants. Rule 39 further provides, in subsection (a): "[t]he trial on all issues so demanded must be by jury unless ... (2) the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial."

Plaintiff argued that defendants' demand for a jury trial should be stricken for three reasons: (1) that plaintiff has requested only equitable relief, (2) that defendants are collaterally estopped as to key issues (whether Cohen-Barce was an employee and whether her injury occurred in the course of her employment), and (3) that employment status is a pre-

---

[9]Docket No. 12 at 1.

[10]Docket No. 1 at 1.

ORDER – Motion to Strike Demand for Jury Trial                                              - 3 -

liminary matter for the court to decide."[11]  Depending on how the issues raised by plaintiff's complaint and defendants' answer are developed, some, none, or all of the foregoing issues or other issues could present a common law and/or fact issue as to which a jury trial would be available.

The court concludes that plaintiff's motion to strike jury demand is premature. Plaintiff's complaint was filed October 18, 2022, and defendants' answer was filed February 22, 2023.  A scheduling and planning order for the development of this case was entered April 12, 2023.  Fact and expert discovery is scheduled to be completed by March 29, 2024.  Once the issues raised by complaint and defendants' answer and affirmative defenses have been fully developed, it will then be time for the parties and the court to sort out what if any issues require a jury trial.  Again, Rule 39(a)(2) provides that issues as to which a jury has been demanded must be tried to a jury "unless ... the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial."

Rule 38, Federal Rules of Civil Procedure, required defendants to make a decision about demanding a jury trial within 14 days of the filing of their answer.  A date so close to the filing of the plaintiff's complaint in substance requires that a defendant like Vanstrom demand a jury trial very early in a case or lose any right to a jury trial.  The court will not put a defendant at risk of losing the right to a jury trial because of uncertainty early in the case as to whether common law jury trial issues will develop.   Surely the parties understand that there is a fundamental difference between a demand for a jury trial as to issues which are triable by a jury as opposed to a decision that a jury trial is or is not available as to particular issues.  If the court were to strike defendants' jury demand, that

---

[11]See Docket No. 37 at 7.

would end the matter as regards a jury trial, even if it should later develop that the case involves one or more issues which are triable by a jury. The court declines to make that kind of decision on a motion to strike.

## Conclusion

Plaintiff's motion to strike defendants' jury demand is denied.

DATED at Anchorage, Alaska, this  30th  day of October, 2023.

/s/   H. Russel Holland
United States District Judge

ORDER – Motion to Strike Demand for Jury Trial      - 5 -

Case 3:22-cv-00218-HRH   Document 56   Filed 10/30/23   Page 5 of 5