IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

GREAT DIVIDE INSURANCE CO., )
)
                             Plaintiff, )
)
     vs. )
)
MICHAEL J. VANSTROM, Individually )
and d/b/a ALASKA ELITE OUTFITTERS, )
) No. 3:22-cv-0218-HRH
                          Defendants. )
_____)

O R D E R

Motion to Exclude Workers' Compensation Board Decisions[1]

Michael J. Vanstrom, who is the defendant here both individually and d/b/a Alaska Elite Outfitters, moved to exclude the Workers' Compensation Board decisions. Plaintiff Great Divide Insurance Company has responded,[2] and Vanstrom has replied.[3]

---

[1]Docket No. 41. Vanstrom's filing at Docket No. 40 includes both his cross-motion to exclude as well as his opposition to Great Divide's motion to strike Vanstrom's demand for a jury trial. For clarity, this order separates these two filings into two docket entries herein, referring to and discussing only the cross-motion to exclude as Docket No. 41.

[2]Docket No. 46.

[3]Docket No. 51.

ORDER – Motion to Exclude Workers' Compensation Board Decisions       - 1 -

Background

Former defendant Colette Cohen-Barce commenced an Alaska Workers Compensation claim.[4] The Workers' Compensation Board ("Board") ruled in Cohen-Barce's favor in a series of orders. First, in Cohen-Barce I, it determined that Cohen-Barce was entitled to a workers' compensation award because it determined that she was Vanstrom's employee and that she was injured in the course of her employment, ordering Vanstrom to pay Cohen-Barce's related past and future medical costs, employee temporary total disability benefits, costs of various PCA services, medical transportation costs for Cohen-Barce's daughter, a State Medicaid lien of over $100,000, attorney fees, and interest and penalties.[5]

But Vanstrom had not obtained workers' compensation insurance, and failed to pay the worker's compensation award due to Cohen-Barce. Vanstrom paid none of the ordered costs, either to Cohen-Barce or to her medical providers.[6] The Board then determined that Vanstrom was in default, issuing an order establishing the amount of the default as $248,794.55.[7] Soon thereafter, Cohen-Barce petitioned the Board for attorney fees and costs associated with the default proceeding; the Board determined that Cohen-Barce was entitled to an additional $4,227.75.[8]

---

[4]See Docket No. 36 (Great Divide's Motion to Strike Vanstrom's Demand for Jury Trial), Exhibit 1 at 1.

[5]See Docket No. 36-1 at 2-3 (incorporating Cohen-Barce I findings).

[6]Id. at 4.

[7]Id. at 12.

[8]Docket No. 36-2 at 8.

ORDER – Motion to Exclude Workers' Compensation Board Decisions                - 2 -

Vanstrom having failed to pay the Board's award, Cohen-Barce commenced a civil negligence suit in state court against Vanstrom for compensatory and punitive damages.

Vanstrom tendered the defense of Cohen-Barce's state court complaint to Great Divide. Great Divide accepted the tender, reserving rights to decline any duty to defend or indemnify Vanstrom. Great Divide then sought declaratory relief in this suit.[9] Vanstrom answered, asserting affirmative defenses of waiver, estoppel, and/or laches. Vanstrom demanded a jury trial.[10] Great Divide moved to strike Vanstrom's demand for a jury trial. By order of October 30, 2023, the court denied Great Divide's motion to strike.[11]

Vanstrom now moves to exclude the Board's decisions related to Cohen-Barce as inadmissible hearsay.[12] Great Divide responded, arguing that the prior Board decisions are admissible for two reasons: first, because they establish that Vanstrom is collaterally estopped from relitigating the issues already handled by the Board and, second, because they are relevant to the interpretation of the applicable insurance policy.[13]

## Discussion

As an initial matter, the court is not persuaded by Great Divide's argument that Vanstrom is collaterally estopped as to issues the Board decided, given the differences between the Alaska Workers' Compensation Act and the Great Divide policy. The court

---

[9]Docket No. 1.

[10]Docket Nos. 12 and 9.

[11]Docket No. 56.

[12]Docket No. 41 (Cross-Motion to Exclude Workers' Compensation Board Decisions) at 14-25.

[13]Docket No. 46 (Great Divide's Opposition to Vanstrom's Cross-Motion to Exclude Workers' Compensation Decisions) at 1-2.

ORDER – Motion to Exclude Workers' Compensation Board Decisions - 3 -

also is not persuaded by Vanstrom's arguments that the Board decisions are "hearsay without an exception" or "inadmissible opinion evidence." Proper purposes for the admission of Board decisions may still exist, but have not yet been offered or fully briefed.

Vanstrom argues that the Board decisions are inadmissible hearsay.[14] In <u>United States v. Stinson</u>, 647 F.3d 1196, 1210 (9th Cir. 2011), the Ninth Circuit held that prior judgments offered for the truth of the matters asserted are inadmissible hearsay. In <u>Snyder v. Foote</u>, 822 P.2d 1353, 1360 (Alaska 1991), the Alaska Supreme Court held that a trial court erred by admitting another decision's factual findings for their truth. The Alaska Supreme Court noted that "[i]n general, the public records exception to the hearsay rule does not allow admission of prior civil judgments."[15] <u>Id.</u> But important here, the Alaska Supreme Court quoted the following from <u>McCormick on Evidence</u>:

> Where the doctrines of res judicata or collateral estoppel ... make the determinations in the first case binding in the second, of course, the judgment in the first case is not only admissible in the second, but it is as a matter of substantive law conclusive against the party. If neither res judicata nor collateral estoppel applies, however, ....[t]he judgments have been regarded as hearsay and not within any exception to the hearsay rule.

<u>Snyder</u> at 1360 (citing <u>McCormick on Evidence</u> § 318 at 894 (3d ed. 1984)).

Here, although the Board decisions are probably of limited usefulness, it would be inappropriate to exclude these decisions at this stage of proceedings.

---

[14]Docket No. 41 at 15-18.

[15]The rule under discussion is Rule 803(8), Alaska and Federal Rules of Evidence.

ORDER – Motion to Exclude Workers' Compensation Board Decisions            - 4 -

## Conclusion

Vanstrom's motion to exclude Board decisions is denied. Any party seeking to introduce the Board decisions as evidence in support of an issue raised by Great Divide's complaint or Vanstrom's answer and affirmative defenses must address the issue of the admissibility of the Board decisions.

DATED at Anchorage, Alaska, this  30th  day of October, 2023.

/s/  H. Russel Holland
United States District Judge